IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

ROBERT WILLIAM MOORE,    §
                         §
        Plaintiff,       §
                         §
                         §
v.                       §        CIVIL ACTION NO. V-03-0139
                         §
MIKE RATCLIFF, et al.,   §
                         §
        Defendants.      §

## MEMORANDUM OPINION AND ORDER

Robert William Moore, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division,  was an inmate of the Victoria County Jail when he filed this action seeking injunctive relief and monetary damages from Victoria County officials.  He raised numerous claims including those concerning food, laundry, cleaning supplies, uniforms, clothing, hot water, educational programs, deduction of funds for medical services, access to the courts, medical care, and pat-down searches by female guards.  On November 14, 2004, the court conducted a *Spears* hearing and dismissed the above claims as frivolous under 28 U.S.C. § 1915(e)(2)(B).  However, the court retained Moore's claims regarding mail and property and ordered the defendants to file a motion for summary judgment concerning the remaining claims.   Moore has filed a motion for reconsideration (Docket Entry No. 21) which the court will deny.  The defendants have filed a motion for summary judgment (Docket Entry No. 24) and Moore has responded.  After considering the pleadings and records, the court has determined that the motion for summary judgment should be granted.  Moore also filed a motion (Docket Entry No.  25) to amend his complaint.  The court

has determined that the motion should be granted and will order the defendants to respond to the allegation made in the amended complaint.

## I.  <u>Claims and Allegations</u>

In his original pleadings, Moore complains mail was mishandled at the Victoria County Jail. He alleges that any unapproved or unauthorized inmate mail was discarded without proper notification and that inmates did not have an opportunity to return the items back home.   He also asserts that guards would search and inspect inmate mail at 5 A.M. and then would leave the mail on the cell bars to be distributed by inmates. According to Moore, there is no use of ID's or any other verification procedure to ensure that the mail is properly distributed.

Moore further alleges that personal property is taken during cell searches and that inmates do not have the option of sending the confiscated items home.  He also complains that inmates are not given proper notification whenever property is removed from their cells.  Moore alleges that the following items have been taken from his cell: unopened soda bottles, personal pictures, and legal work.

## II.  <u>Defendants' Motion and Supporting Evidence</u>

The defendants contend that Moore is not entitled to relief because there is no evidence linking them to liability in their individual capacities or their official capacities.  In support of their argument they present the following records attached to their motion (Docket Entry No. 24):

Exhibit A        Moore's Jail Records and Victoria County's Jail Policies

Exhibit B        Affidavit of Sheriff Mike Ratcliff

Exhibit C        Affidavit of Judge Donald R. Pozzi

Exhibit D        Affidavit of Lieutenant Kim Garrett

The defendants assert that there is no policy authorizing guards to leave mail on the cell bars for jail inmates to distribute without supervision.  In support of their argument, they point to a written jail policy which requires that the mail be delivered "directly to each inmate by an officer by 0500hrs."  Victoria County Jail Standard Operating Procedure [Mail Distribution], *see* Docket Entry No. 24, Exhibit A, pages 164-66.  They also show that inmates are given a written notice of any unauthorized mail.  *Id.*  Further, unauthorized mail is retained and not thrown away.  Affidavit of Lt. Kim Garrett, Docket Entry No. 24.  The defendants also present Moore's jail record (Docket Entry No. 24, Exhibit A) which includes all of Moore's correspondence with the jail officials.  The defendants point out that the records contain no written complaints of mail mishandling, loss, or improper distribution.

In response to Moore's complaint about personal property, the defendants contend that the Victoria County Jail policy affords a procedure by which inmate property is accounted for and stored until an inmate is released.  *See* Inmate Property Procedure, Docket Entry No. 24, Exhibit A, Pages 163, 165, 168-69).  Items which are confiscated from an inmate are placed in that inmate's property bag which may be retrieved by a family member if the inmate so requests.  Docket Entry No. 24, Exhibit D.  Exhibit A. Pursuant to the policy, no property is discarded unless it is a homemade intoxicant or a medication that is not authorized.  *Id.*

Pointing to Moore's records (Exhibit A, pages 31, 147, 162), the defendants assert that contraband stored in soda bottles was taken from Moore's cell.[1]  There is a notation that Moore's personal correspondence was observed.   There is also a report that a "shank" (homemade weapon) was taken for which Moore was later disciplined.   There is also a report that a guard had to repeatedly order Moore to remove photographs from the cell walls.  Exhibit A, Page 90.  This was necessary in order to maintain cleanliness and order.  Docket Entry No. 24, Exhibit D.  However, the records contain no reference to any legal work being seized from Moore.


### III.  Analysis of Summary Judgment Motion

A. Standards

A summary judgment shall be issued if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  If the movant meets its initial burden of showing the absence of a material fact issue, the burden shifts to the non-movant to identify specific evidence in the summary judgment record showing that there is a material fact issue concerning the essential elements of its case for which it will carry the burden at trial.  *Douglass v. United Services Auto. Ass'n.*, 65 F.3d 452, 459 (5th Cir. 1995).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2510 (1985).  "[A] nonmoving party is not entitled to rest on his

---

[1] A report was filed indicating that Moore possessed "hooch" (homemade liquor stored in bottles) in his cell which was "poured down the drain." Docket Entry No. 25, Exhibit A, Page 162.

pleadings, but must carry his burden of providing evidence of a genuine issue of material fact."
*King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992).


    B.  Mail

    Moore asserts that he objects to how the mail was handled; however, there is no record

indicating that he filed any complaint with the officials while he was in the Victoria County Jail.

This not only undermines his claim regarding the mail, it also precludes him from presenting it in

a federal civil rights action.  Before a prisoner can present a conditions claim in federal court, he

must first exhaust those prison administrative remedies which are available to him.  42 U.S.C. §

1997e.  The purpose of this provision is to filter out frivolous claims and to allow prisons to address

legitimate problems and improve their administration.  *Porter v. Nussle*, 122 S.Ct. 983, 988 (2002).

This requirement applies to all aspects of jail life.  *Id*. at 992.  The purpose of this requirement is to

reduce the number of prisoner lawsuits while improving their quality.  *Id*.  at 988.  The records

demonstrate that Victoria County Jail does have an established grievance procedure.  *See* Docket

Entry No. 24, Exhibit A, Page 169; Exhibit D.  By failing to abide by the established protocol,

Moore has forfeited his right to complain in federal court.  *Wright v. Hollingsworth,* 260 F.3d 357,

358 (5th Cir. 2001); *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998).

    Even if Moore had properly exhausted available grievance remedies, he would still not be

entitled to any relief.  At the *Spears* hearing, Moore had previously admitted that he was not working

on any cases other than the present action.  The court properly dismissed his access to courts claim

because he failed to present any facts which demonstrated that he was denied access to the courts.

*MacDonald v. Steward*, 132 F.3d 225, 230-31(5th Cir. 1998), *citing Eason v. Thaler*, 73 F.3d 1322,

1328 (5th Cir. 1996).  Moreover, there is no proof that any of Moore's mail was willfully withheld from him or that he was otherwise harmed by the allegedly deficient mail system.  In light of these facts, Moore cannot prevail.  *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (suit against mail room employees for mishandling mail).  Consequently, Moore's claims regarding the mail shall be dismissed.

C. <u>Property</u>

Moore complains that items were wrongly taken from him.  However, the defendants have presented evidence that these items included hooch and a shank which are jail contraband.  Clearly, the jail officials have a duty to maintain order and prevent inmates from possessing dangerous weapons and intoxicating substances.  *See Hudson v. Palmer*, 104 S.Ct. 3194, 3200 (1984). If the officials did not constantly search cells and seize hazardous items, their dereliction of duty would violate other inmates' rights to be reasonably safe from harm or assault.  *See Berry v. City of Muskogee, Okl.*, 900 F.2d 1489, 1499 (10th Cir. 1990) (City could be held liable for failing to take steps to prevent inmate's murder).  The defendants' actions will be upheld because they are reasonably related to valid penological objectives of maintaining order and discipline.  *Freeman v. Texas Dept. of Criminal Justice*, 369 F.3d 854, 861 (5th Cir. 2004).

Moreover, Moore's claim that he should be compensated for the alleged unauthorized taking of his property is not cognizable under 42 U.S.C. § 1983.  *Hudson*, 104 S.Ct. at 3204; *Lewis v. Woods*, 848 F.2d 649, 651-52 (5th Cir. 1988).  Moore cannot seek compensation for the lost property in this court because he has an available remedy in the state courts.  *Cathey v. Guenther*, 47 F.3d 162, 164 (5th Cir. 1995).

The defendants have demonstrated that there is no basis to Moore's loss of property claims, along with his claims regarding the mail.  Therefore, these claims shall be dismissed pursuant to FED. R. CIV. P. 56.

## IV.  <u>Additional Claim - Hygiene</u>

Although the defendants have responded to what appeared to be Moore's remaining claims, he has asserted an additional claim (Docket Entry No. 25) which appears to have been overlooked at the *Spears* hearing.  He has also filed a Motion for Reconsideration of the court's order of partial dismissal.  Docket Entry No. 21. In his motion for reconsideration, Moore reiterates his argument, raised in his original complaint, that he was denied access to the courts because Victoria County Jail lacked a library specifically for inmates.  The *Spears* court rejected this claim because inmates do not have a free-standing right to a law library and Moore failed to show how he had been harmed by its absence.  *See Lewis v. Casey*, 116 S.Ct. 2174, 2180 (1996).  Moore also seeks to revisit his claim that he should not have been charged for medical services.  This claim is also insupportable because there is no indication that any serious medical need was unmet because of Moore's indigence.  *Myers v. Klevenhagen*, 97 F.3d 91 (5th Cir. 1996); *Breakiron v. Neal*, 166 F.Supp.2d 1110, 1115 (N.D. Tex. 2001)*, citing Bihms v. Klevenhagen*, 928 F.Supp. 717 (S.D. Tex. 1996).  The Motion for Reconsideration (Docket Entry No. 21) will be denied regarding the above claims, but a claim regarding hygiene will be retained as discussed below.

Moore has also sought to include an allegation regarding the jail's hygiene.  During the *Spears* hearing Moore presented the court with a written pleading alleging that there are no restrooms available in the jail recreation yards and that inmates often relieved themselves outside on the concrete deck of the yard.  *See* Transcript (Docket Entry No. 23) Page 12-14, Memorandum

by Moore (Docket Entry No. 15), Page 1.  The court did not consider the claim because it was not included in the original suit.

Moore alleges in his Amended Pleading (Attachment to Docket Entry No. 25) that inmates at the Victoria County Jail were routinely sent out to a recreation yard which lacked any restroom facilities.  He further alleges that inmates were not allowed to leave the recreation yard whenever they needed to relieve themselves and often had to resort to urinating in a drain.  *Id*. at Page 2. Moore claims that he was forced to soil his pants on one occasion when he had a case of diarrhea. *Id*.  He alleges that he often saw puddles of urine and piles of feces during his recreation periods and that he became ill from the stench.  *Id*. at 3.  Moore contends that the human waste was left for weeks at a time and that basketballs and handballs used during recreation would inadvertently roll into the affected areas and cause him to come in contact with the waste. *Id*. Moore claims that he alerted jail officials to the problem but was told that nothing could be done and that the jail met state jail standards.  *Id*.

Although the court is hesitant to allow inmates to constantly amend their claims, Moore did attempt to address problems of hygiene at the jail in his original complaint and sought to elaborate upon his facts at the *Spears* hearing.  The purpose of a *Spears* hearing is to allow a prisoner an opportunity to clarify the allegations made in his *pro se* complaint.  *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).  Further, an inmate is entitled to reasonable opportunity to state his best case before the court can dismiss his complaint as baseless.  *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).  Moore's additional allegations raise an issue of basic sanitation which may implicate a constitutional right. *See Palmer v. Johnson,* 193 F.3d 346, 352 (5th Cir. 1999)

(inmates who were forced to camp overnight in confined area without use of toilet facilities were denied "'basic elements of hygiene.'"); *Harper v. Showers*, 174 F.3d 716 (5th Cir. 1999); *Bradley v. Puckett*, 157 F.3d 1022 (5th Cir. 1998). Consequently, the defendants will be ordered to answer Moore's claim regarding sanitation in the recreation areas by filing an appropriate dispositive motion or an advisory with the court.

The defendants shall file a Motion for Summary Judgment addressing the issue of hygiene within sixty (60) days of the date of this Memorandum Opinion and Order. The Motion shall be accompanied by grievances or correspondence from Moore regarding the alleged lack of restrooms and resultant presence of human waste. If there are no records, the defendants shall inform the court and the plaintiff of the absence of such records. The defendants shall also present records and affidavits relevant to the condition of the recreation area. If the defendants determine that a Motion for Summary Judgment is inappropriate, they shall file an advisory with the court within thirty (30) days informing the court what action will be taken and whether a trial is necessary.

Moore shall file a response within thirty (30) days of the date the defendants file their Motion for Summary Judgment. **Failure to file a response shall result in dismissal of this action for want of prosecution without further notice**.

## V. Conclusion

The court **ORDERS** the following

1.      Moore's Motion for Reconsideration (Docket Entry No. 21) is **DENIED**.

2.      Moore's Motion for Extension of Time (Docket Entry No. 26) is **GRANTED**.

3.      The defendants' Motion for Summary Judgment (Docket Entry No. 24) is **GRANTED**.

9

4.      All claims, except those relating to the issue of hygiene in the recreation yard, are **DISMISSED**.

5.      Pursuant to the instructions in Part IV of this Memorandum Opinion and Order, the defendants shall file a Motion for Summary Judgment within sixty (60) days.

6.      The plaintiff shall file a response to the Motion for Summary Judgment within thirty (30) days of the date the Motion is filed.  **Failure to comply will result in dismissal of this action for want of prosecution.**

7.      The Clerk shall send a copy of the plaintiff's Amended Pleading (Attachment to Docket Entry No. 25) to the defendants.

**SIGNED** on this 16th day of September, 2005.



                                            JOHN D. RAINEY
                                        UNITED STATES DISTRICT JUDGE