IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| ROBERT WILLIAM MOORE, § | | |
| TDCJ-ID # 923705, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. V-03-0139 | |
| § | | |
| MIKE RATCLIFF, SHERIFF, *et al.*, § | | |
| § | | |
| Defendants. § | | |

**MEMORANDUM OPINION AND ORDER**

Robert William Moore, an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983 against Sheriff Mike Ratcliff and other Victoria officials regarding his confinement at Victoria County Jail. A *Spears*[1] hearing was held and many of Moore's claims were dismissed as frivolous. Later other claims were dismissed pursuant to summary judgment. Docket Entry No. 29. After obtaining two court judgments dismissing all but one of Moore's claims, the defendants filed a subsequent motion for summary judgment seeking dismissal of Moore's remaining complaint about hygiene at the Victoria County Jail. Docket Entry No. 31.

After reviewing the pleadings and evidence, the Court will grant the defendants' motion for summary judgment, and dismiss the remaining claim.

**I. Relevant Factual Allegations Regarding Hygiene Claim and Defendants' Response**

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Moore contends that his constitutional rights were violated when he was subjected to unsanitary conditions during his recreation periods at the Victoria County Jail. Moore alleges that the recreation yards lacked any restroom facilities or running water and that prisoners had to relieve themselves out in the yards during their recreation periods because they were not allowed to go inside. He further alleges that he soiled his pants on one occasion when he was suffering from diarrhea. Moore asserts that human waste would remain in the recreation yards for weeks and that he would come into contact with the waste when basketballs and handballs would roll into the affected areas. Moore claims he alerted jail officials about the problem but was told that nothing could be done and that the jail met state standards. Moore seeks $100,000.00 in damages from the defendants for violation of his Eighth Amendment rights in subjecting him to unsanitary conditions during his recreation periods.

The defendants move for summary judgment arguing that they cannot be sued for damages in their official capacities because there is no showing that they developed a policy which resulted in the alleged deprivations. They further argue they cannot be held individually liable because there is no evidence demonstrating that any of the named officials were personally involved in the alleged deprivations. Finally, the defendants argue that Moore's allegations regarding human waste in the recreation are unfounded and that there is no record indicating that Moore was harmed by any purported contact with human waste.

In support of their argument, the defendants have submitted the following evidence which is attached to the Motion for Summary Judgment (Docket Entry No. 31):

    Exhibit E    Affidavit of Sergeant Fred Neiser, Victoria County Jail

    Exhibit F    Affidavit of Sergeant Bobbie Daniel, Victoria County Jail

    Exhibit G    Victoria County Jail Inmate Handbook

    Exhibit H    Affidavit of Nurse Dylan Hill, Victoria County Jail Infirmary

    Exhibit I    Certificate of Compliance, Texas Commission on Jail Standards

The defendants also allude to evidence previously submitted. *See* Exhibits A-D, attached to prior Motion for Summary Judgment, Docket Entry No. 24.

## II. Summary Judgment Standard of Review

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of showing the district court that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 106 S.Ct. 2548 (1986). If the moving party meets the initial burden of showing that there is no genuine issue, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. Rule 56(e). *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). All evidence must be construed "in the light most favorable to the nonmoving party without weighing the evidence, assessing its probative value, or resolving any factual disputes." *Rodriguez v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir. 1996). However, the nonmovant cannot rely on conclusory allegations or unsubstantiated assertions to establish a triable issue. *Wallace v. Texas Tech University*, 80 F.3d 1042, 1047 (5th Cir. 1996).

### III.  Official Capacity Claims

A suit against a defendant in his official capacity is, in reality, a suit against the government entity which the defendant serves. *Hafer v. Melo*, 112 S.Ct. 358, 361 (1991).  To prevail in an action against Victoria County, Moore must demonstrate that an 'official policy or custom' of the County was a cause in fact of the violation of Moore's constitutional rights.  *Leffall v. Dallas Independent School District*, 28 F.3d 521, 525 (5th Cir. 1994).  Isolated instances of deprivations alone do not establish liability of the policy maker.  *City of Oklahoma City v. Tuttle*, 105 S.Ct. 2427, 2436 (1985).

The defendants have presented a copy of the Inmate Handbook which includes a paragraph regarding recreation ((Exhibit G, at 6) which indicates that jail inmates are permitted to use the recreation area for one hour, three times each week. Sergeant Neiser states that the short period is necessary to accommodate the 400 inmates at the jail.  Exhibit E.   He further testifies that the recreation yards are inspected each time a recreation shift begins.  *Id*.  Although it is conceded that there are no restroom facilities contiguous to the recreation yards, the inmates are informed as to what days and times they are scheduled for recreation and are notified that they are about go to a recreation yard ten minutes prior to leaving their cells.  *Id.*  Moreover, no inmate is compelled to attend a recreation shift, and he may remain in his cell if he does not want to go outside.  *Id*.  If an inmate needs to use the restroom during his recreation shift, he may notify a detention officer who will take him to a facility.  Exhibits E; F (Sgt. Daniels's affidavit).  Inmates are not allowed to relieve themselves in the recreation area and are subject to punishment if they are caught doing so. *Id*.  In the rare instance that human waste is found (four occurrences over a ten year period), a jail trustee is immediately called to clean it up. Exhibit E.  In the last ten years, Moore is the only inmate

that Neiser recalls complaining about human waste. *Id. See also* Exhibit F (Daniels only recalls one written complaint, which was from Moore). Moreover, Victoria County Jail was found to be in compliance by the Texas Commission on Jail Standards which reported "no deficiencies" within the jail. Exhibit I.

Moore reasserts in his response (Docket Entry No. 34, at 2-3) that he soiled his pants on one occasion while he was suffering from diarrhea but that he was able to go back to his cell to clean himself. A single incident of bowel distress, which was quickly remedied, does not establish a constitutional violation although it could be attributed to the less than ideal configuration of the recreation area. *See Bradley v. Puckett*, 157 F.3d 1022, 1025-26 (5th Cir.1998); *George v. King*, 837 F.2d 705 (5th Cir. 1988). Apart from Moore's unverified reports of odors emanating from a "secluded" corner (Docket Entry No. 34, at 3), there is no indication of any practice of allowing inmates to defecate or urinate in the recreation area. *See, e.g., Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (explaining that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden" at summary judgment). Moore's mere speculation that inmates could have been infected by "raw sewage" is not sufficient to support a finding that his constitutional rights have been violated pursuant to a policy.

The defendants have demonstrated that it is against Victoria County Jail policy to allow inmates to relieve themselves in the recreation area. At the most, there have been a few rare occurrences which have been immediately addressed. Such anomalies have been quickly addressed and are not evidence of a policy in violation of the Constitution. *Tuttle*, 105 S.Ct. at 2436; *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988). Further, Moore's unsupported allegations that the Jail subjected him to unattended human waste are not summary judgment evidence of a policy to

deprive him of his Constitutional rights.  *See Richardson v. Oldham*, 12 F.3d 1373, 1378 (5th Cir. 1994).  The record contains no official policy tolerating unsanitary conditions nor does it contain any evidence of a long standing pattern of Constitutional violations except for Moore's conclusory allegations.  Absent such proof, there is no basis for a claim against any defendant in his or her official capacity.  *Richardson*, 12 F.3d at 1382.

## IV.  Eighth Amendment Claims - Individual Capacity

Defendants seek summary judgment dismissing plaintiff's Eighth Amendment claims, and allege they were not deliberately indifferent to any substantial risk to Moore's health or safety.  Defendants further allege that Moore fails to show anything more than a *de minimis* injury.

The Eighth Amendment's prohibition against cruel and unusual punishment forbids deliberate indifference to the serious health and safety needs of prison inmates.  *See Estelle v. Gamble*, 97 S.Ct. 285, 292 (1976).  In order to prevail on such a claim, an inmate plaintiff must prove objectively that he was exposed to a substantial risk of serious harm, and that prison officials acted or failed to act with deliberate indifference to that risk.  *Farmer v. Brennan*, 114 S.Ct. 1970, 1978-79 (1994); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).  The deliberate indifference standard is a subjective inquiry; the claimant must establish that the prison officials were actually aware of the risk, yet consciously disregarded it.  *Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002).  It is only the deliberate indifference and unnecessary and wanton infliction of pain or acts that are repugnant to the conscience that constitute conduct proscribed by the Eighth Amendment.  *Estelle*, 97 S.Ct. at 292.  Liability occurs only if the official knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.  *Farmer*, 114 S.Ct. at 1984.

Such Eighth Amendment claims are not actionable unless there is a showing of physical injury resulting from the allegedly unconstitutional conduct. *Calhoun v. Hargrove*, 312 F.3d 730, 735 (5th Cir. 2002). To be actionable, the injury need not be significant, but it must be more than *de minimis*. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

As noted in the previous section, the evidence shows that Moore had little or no exposure to human waste. Moreover, there is no record indicating that Moore became ill or suffered any harm from any alleged contact. Exhibit H. Without such a showing, Moore is not entitled to relief. *See Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993); *Mendoza v Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Even assuming without deciding that Moore was exposed to a substantial risk of serious harm and suffered more than a *de minimis* injury, nothing in the record supports his assertion that defendants acted with deliberate indifference because there is no indication that defendants were aware that sending Moore to a recreation area without a toilet for an hour would pose a serious health or safety risk to him. *See Wilson v. Seiter*, 111 S.Ct. 2321, 2326 (1991). There is no showing of obduracy and wantonness by the defendants in violation of the Eighth Amendment. *Bradley*, 157 F.3d at 1025.

There is no showing that defendants violated Moore's constitutional rights, and his claims will be dismissed under FED. R. CIV. P. 56.

### V. Motion for Records

Moore has moved for a free copy of all of his pleadings, including his complaint and a copy of the *Spears* transcript. Almost all of these documents were generated by Moore, and he is not

entitled to free copies of court records merely because he is indigent. *See Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir. 1975). The motion (Docket Entry No. 30) will be **DENIED**.

## VI. Conclusion and Order

The Court ORDERS the following:

1. Moore's motion for a free copy of his pleadings (Docket Entry No. 30) is **DENIED**.

2. The defendants' motion for summary judgment (Docket Entry No. 31) is **GRANTED** and this case is **DISMISSED**.

**SIGNED** on this 11th day of September, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE